# MEMORANDUM

DATE: *2-19-04*

TO:      Courtroom Clerk for Judge *Saris*

and Magistrate Judge *Cohen*

FROM:  Sheila  A  Diskes

SUBJECT:  Assignment of New Indictment/Information  (Superseding _____ )[1]

---

Please be advised that the following indictment/information returned or filed on _____ _____ has been assigned/referred to you.

Criminal No. *04-10051-PBS* U.S.A. v. *J Rosario*

✓  This INDICTMENT/INFORMATION is SEALED.  The original file and copies will be maintained under seal until requested or retrieved.

_____  This INDICTMENT/INFORMATION is not sealed.  The original file will be forwarded to _____ _____ upon completion of case opening.  A copy of the indictment/information is attached for your information.

cc:    AUSA _____

(newindic.mem - 08/96)

---

[1]    **Note:**

1.    **Please check defendant order if this case is superseding.  The defendant order does not, and WILL NOT, be changed from that in the original case.**

2.    **THERE IS NO AUTOMATIC REFERRAL TO A MAGISTRATE JUDGE REGARDING SUPERSEDING INDICTMENTS.**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

## ORDER OF REFERENCE

*U S A*

*v.*

*J. Rosario*

Check if previously referred _____

CA/CR No. *04-10051-PBS*

Criminal Category _____*II*_____

In accordance with 28 U.S.C. §636 and the Rules for United States Magistrates in the United States District Court for the District of Massachusetts, the above-entitled case is referred to Magistrate Judge _____ for the following proceedings:

(A)    Determination (Order) on:
  ( ) Rule 16(b) and/or Pretrial proceedings *(except ex parte motions in criminal cases)*
  ( ) Nondispositive pretrial and discovery motions(s) not listed in Paragraph (B) below
      See Documents Numbered : _____
  ( ) Ex Parte Motions in criminal cases - See Documents Numbered: _____

  Action taken by the Magistrate Judge on matters referred for determination shall constitute the Order of the Court and shall be reconsidered only where shown to be clearly erroneous in fact or contrary to law.    28 U.S.C. §636(b)(1)(A)

(B)    Findings and Recommendations pursuant to 28 U.S.C. §636(b)(1)(B) on:
  ( ) Motion(s) for injunctive relief
  ( ) Motion(s) for judgment on the pleadings
  ( ) Motion(s) for summary judgment
  ( ) Motion(s) to permit maintenance of a class action
  ( ) Motion(s) to suppress evidence
  ( ) Motion(s) to dismiss
      See Documents Numbered: _____

(C)    Service as a special master for hearing, determination and report, subject to the terms of the special order filed herewith:
  ( ) In accordance with Rule 53, F.R.Civ.P.
  ( ) In accordance with 42 U.S.C. §2000e-5(f)(5)

(D)    Special instructions  *Pretrial*

_2-19-04_
DATE

By : _Sheila Disha_
Deputy Clerk

( ) Civil Rule 16(b) /Pretrial Proceedings
( ) Civil and MBD Discovery
( ) Service as Special Master
( ) Civil Dispositive Motions
( ) Miscellaneous

( ) Criminal Dispositive Motions
( ) Criminal Pretrial or Discovery
( ) Criminal Ex Parte Motions
( ) Post Conviction Proceedings[1]

(Order of Ref to MJ.wpd – 12/98)

[oref., koref.]

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA      )      CRIMINAL NO. *04- 10051- PBS*
                              )
            v.                )
                              )      FILED UNDER SEAL
JORGE ROSARIO,                )
   a/k/a "KING INFAMOUS"      )
                              )
                              )

GOVERNMENT'S MOTION TO SEAL

The United States hereby moves to seal the indictment and all other filings in the above captioned matter, so that no public disclosure of the filing of the indictment will impede attempts to arrest the defendant. The United States requests that the case remain sealed until further motion of the United States or further order of the Court.

                          Respectfully submitted,

                          MICHAEL J. SULLIVAN

                          United States Attorney


                  By:    JOHN A. WORTMANN, JR.
                         PETER K. LEVITT
                         Assistant U.S. Attorneys

February 19, 2004

*2-19-04*
*allowed*

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br><br>v.<br><br>JORGE ROSARIO,<br>a/k/a "KING INFAMOUS" | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Criminal No. 04CR10051-PBS<br><br>VIOLATIONS:<br>21 U.S.C. § 846--<br>Conspiracy to<br>Distribute Cocaine Base<br><br>21 U.S.C. § 841(a)(1)--<br>Distribution of<br>Cocaine Base<br><br>21 U.S.C. §853--<br>Criminal Forfeiture<br>Allegation |

### INDICTMENT

**COUNT ONE:**    **(21 U.S.C. § 846 -- Conspiracy To Distribute Cocaine Base)**

The Grand Jury charges that:

From a time unknown to the Grand Jury, but at least by in or about April, 2003, and continuing thereafter until on or about January 28, 2004, at Lawrence, Andover, and elsewhere in the District of Massachusetts,

**JORGE ROSARIO, a/k/a "KING INFAMOUS,"**

the defendant herein, did knowingly and intentionally conspire and agree with persons unknown to the Grand Jury to possess with intent to distribute, and to distribute, a quantity of cocaine base, also known as "crack cocaine," a Schedule II controlled

substance, in violation of Title 21, United States Code, Section 841(a)(1).

The Grand Jury further alleges that the conspiracy described herein involved at least 5 grams of a mixture or substance containing a detectable amount of cocaine base, also known as "crack cocaine," a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(B)(iii).

All in violation of Title 21, United States Code, Section 846.

**COUNT TWO:**      (21 U.S.C. § 841(a)(1) -- Distribution of Cocaine Base; 18 U.S.C. §2 -- Aiding and Abetting)

The Grand Jury further charges that:

On or about April 14, 2003, at Lawrence and Andover, and elsewhere in the District of Massachusetts,

**JORGE ROSARIO, a/k/a "KING INFAMOUS,"**

the defendant herein, did knowingly and intentionally distribute a quantity of cocaine base, also known as "crack cocaine," a Schedule II controlled substance.

The Grand Jury further alleges that the offense described herein involved at least 5 grams of a mixture or substance containing a detectable amount of cocaine base, also known as "crack cocaine," a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(B)(iii).

All in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

-3-

**COUNT THREE**:    **(21 U.S.C. § 841(a)(1) -- Distribution of Cocaine Base; 18 U.S.C. §2 -- Aiding and Abetting)**

The Grand Jury further charges that:

On or about January 28, 2004, at Lawrence and elsewhere in the District of Massachusetts,

**JORGE ROSARIO, a/k/a "KING INFAMOUS,"**

the defendant herein, did knowingly and intentionally distribute a quantity of cocaine base, also known as "crack cocaine," a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

-4-

## FORFEITURE ALLEGATION
### (21 U.S.C. § 853)

The Grand Jury further charges that:

1.   As a result of the offenses alleged in Counts 1 through 3 of this Indictment,

**JORGE ROSARIO, a/k/a "KING INFAMOUS,"**

defendant herein, shall forfeit to the United States any and all property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as a result of such offenses; and/or any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, any such violations.

2.   If any of the property described in paragraph 1, above, as a result of any act or omission of the defendant--

    (a)   cannot be located upon the exercise of due diligence;

    (b)   has been transferred or sold to, or deposited with, a third party;

    (c)   has been placed beyond the jurisdiction of the Court;

    (d)   has been substantially diminished in value; or

    (e)   has been commingled with other property which cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the property

-5-

described in paragraph 1.

All in violation of Title 21, United States Code, Section 853.

A TRUE BILL,

_____
FOREPERSON OF THE GRAND JURY


_____
JOHN A. WORTMANN, JR.
PETER K. LEVITT
ASSISTANT U.S. ATTORNEYS


DISTRICT OF MASSACHUSETTS                    February 19, 2004


    Returned into the District Court by the Grand Jurors and
filed.


_____
Deputy Clerk     12:23 P.

-7-