# LAREDO & SMITH, LLP

April 23, 2004

John A. Wortmann, Jr.
Peter B. Levitt
US Attorney's Office
John Joseph Moakley Courthouse
1 Courthouse Way
Suite 9200
Boston, MA 02110

Re:   US V. Rosario
      Docket No. 04-10051-PBS
      Discovery Request Pursuant to Local Rule 116.3

Dear Messers Wortmann and Levitt:

Pursuant to the Local Rule 116.3, Brady v. Maryland, 373 U.S. 83 (1963) and its progeny, and all other applicable law and rules, the Defendant Jorge Rosario requests that the government provide the following additional discovery in this matter:

1.   Identify any co-conspirator or other person whose statements the government may seek to introduce against Mr. Rosario either as an admission or under Fed. R. Evid. 801(d)(2).

2.   A statement of any and all evidence the government intends to offer against Mr. Rosario under Fed. R. Evid. 404(b).

3.   Transcripts of all prior public testimony of any government witness. In the alternative the name of the case, docket number and court in which the government witness has testified.

4.   Any documents including reports of interviews of witnesses furnished and/or produced by state, local, and federal law enforcement agencies concerning the allegations which form the basis of this transaction.

5.   Identify any potential witness in this case who was given or subjected to a polygraph examination in connection with his testimony or his statements to law enforcement authorities and the results of any examination.

6.   Identify any potential witness who was offered the opportunity to take a polygraph exam and refused to do so.

John A. Wortmann, Jr.
Peter B. Levitt
April 23, 2004
Page 2

    7.    Copies of all telephone records of Mr. Rosario obtained during the course of the investigation.

    8.    A log of all notes made by the investigators and other law enforcement personnel during the course of the investigation of this case. If such notes have been destroyed or lost or are otherwise unavailable for inspection by the court, please specify the creator of the notes, the dates created, the date they became lost or destroyed and an explanation for their destruction.

    9.    Identify any expert by name, address, telephone number, area of expertise with a written summary of his/her background, training and experience and a summary of the testimony that the government intends to offer during its case in chief under the applicable rules of evidence.

    10.    All exhibits or chalks to be used by the expert in presenting his/her testimony.

    11.    All exhibits or chalks including any digital media that the government intends to use at trial.

    12.    All records relating to any communications of Mr. Rosario while in custody recorded by the institute and a copy of said recordings.

    13.    The identification photographs and procedures used by the agents to identify Mr. Rosario.

    14.    The statements of cooperating witnesses, informants or co-conspirators, recorded in every form.

    15.    All contemporaneous notes, memoranda, statements, reports, surveillance logs, tape recordings, and other documents memorializing matters relevant to the charges contained in the indictment made by or in the custody of any law enforcement officer whose agency at the time was formally participating in the investigation of the Defendant and the unindicted co-conspirators.

    16.    The FBI investigative manual used by the relevant officers at the time of this investigation.

    17.    A statement whether the US is making a declination pursuant to LR 116.6 and a Jencks Act statement from the government identifying the information withheld and its reasons for withholding it.

    18.    Regarding the witness identified as CW-1, please provide the following:

        1.    a. CW-1's full name;

John A. Wortmann, Jr.
Peter B. Levitt
April 23, 2004
Page 3

      b. Date of birth;

      c. Social Security number;

      d. Prior places of residence and addresses during the past ten years;

      e. The extent of drug use and each and every drug program and/or hospital and/or other program or facility to which the witness was admitted for drug abuse or other substance abuse treatment and the dates of such admissions or treatment;

      f. Each and every psychiatric or other psychological treatment program and/or hospital and/or other such program to which the witness was admitted for psychiatric or other psychological treatment and/or the dates of such admissions or treatment;

      g. Each and every name or alias used in any manner by the witness, the approximate dates of such use and the reason or context thereof;

      h. The details of any history and/or prior cooperation with any and all local, state, and federal law enforcement officials of agencies; and

      i. Any and all statements provided by CW-1 to the Government or its agents.

19. Any and all statements, reports, faxes, recordings made by law enforcement agents attributed to CW-1. Please also include whether CW-1 made any false reports to the Government or its agents.

20. A description of all payments made by law enforcement to CW-1, including date, time, method of payment, officer or agent making such payment, reason for such payments, including all documents pertaining to such payments including any and all logs maintained to record such payment(s).

21. Copies of all IRS 1040 forms and related tax schedules for the years 2001, 2002 and 2003 provided by the Government to CW-1. Please also include copies of W-2 and 1099 forms.

22. Please describe the violation of probation charges brought against CW-1 referenced in your disclosure of March 12, 2004, including the court, date, probation officer, name of the judge, including the underlying conviction and all actions the Government took to resolve such charges. Please provide all documents in your possession pertaining to this matter.

John A. Wortmann, Jr.
Peter B. Levitt
April 23, 2004
Page 4

23. Please describe in detail the steps the Government or its agents took to restore CW-1's driving privileges. Please provide all documents in your possession pertaining to these matters.

24. Any and all proffers of information offered by CW-1 by him/herself or an attorney prior to or during the investigation resulting in indictments in the underlying case, including the following:

    a. initial discussions between agents for the Government and CW-1 or his/her attorney;

    b. the actual proffer by CW-1 as well as any statements by CW-1's counsel;

    c. the discussions among agents for the Government regarding the extent or benefits to be offered to CW-1, and expressed opinions by Government agents regarding the truthfulness of any proffer forwarded by CW-1.

25. A description of any and all efforts by the Government or its agents to assist CW-1 in the subsequent arrest and prosecution in another state referenced in your March 12, 2004 disclosure. Please include any and all documents in the Government's possession pertaining to this matter. If no such documents are in possession of the Government, please provide the court, date and document number of CW-1's case which is referenced in the disclosure.

26. Regarding the witness identified as CW-2, please provide the following:

    1.    a. CW-2's full name;

    b. Date of birth;

    c. Social Security number;

    d. Prior places of residence and addresses during the past ten years;

    e. The extent of drug use and each and every drug program and/or hospital and/or other program or facility to which the witness was admitted for drug abuse or other substance abuse treatment and the dates of such admissions or treatment;

    f. Each and every psychiatric or other psychological treatment program and/or hospital and/or other such program to which the witness was admitted for psychiatric or other psychological treatment and/or the dates of such admissions or treatment;

John A. Wortmann, Jr.
Peter B. Levitt
April 23, 2004
Page 5

        g. Each and every name or alias used in any manner by the witness, the approximate dates of such use and the reason or context thereof;

        h. The details of any history and/or prior cooperation with any and all state, local, and federal law enforcement officials of agencies; and

        i. Any and all statements provided by CW-2 to the Government or its agents.

27. Any and all statements, reports, faxes, recordings made by law enforcement agents attributed to CW-2. Please also include whether CW-2 made any false reports to the Government or its agents.

28. A description of all payments made by law enforcement to CW-2, or his/her family members, including date, time, method of payment, officer or agent making such payment, reason for such payments, including all documents pertaining to such payments including any and all logs maintained to record such payment.

29. Copies of all IRS 1040 forms and related tax schedules for the years 2001, 2002 and 2003 provided by the government to CW-2 or his/her family members. Please also include copies of W-2 and 1099 forms.

30. Please describe the actions attributed to CW-2 in the controlled drug purchase referenced in Section G.3.(b) of your disclosure dated March 12, 2004, including the amount of drugs purchased, the price, the name of the informant who completed the sale, the date, the time, and the location of the transaction.

31. Please provide any and all documentation including reports, memoranda and notes pertaining to CW-2's controlled purchase of drugs referenced in the above paragraph.

32. Please describe in detail the steps the Government or its agents took to restore CW-2's driving privileges. Please provide any and all documents pertaining to this matter.

33. Please describe in detail the steps the Government took to clear CW-2's outstanding arrest warrant, referenced in your disclosure of March 12, 2004.

34. Please describe and provide any documents pertaining to CW-2's outstanding arrest warrant, referenced in the above paragraph.

35. Any and all proffers offered by CW-2 by him/herself or an attorney prior to or during the investigation resulting in indictments in the underlying case, including the following:

John A. Wortmann, Jr.
Peter B. Levitt
April 23, 2004
Page 6

        a. initial discussions between agents for the Government and CW-2 or his/her attorney;

        b. the actual proffer by CW-2 as well as any statements by CW-2's counsel;

        c. the discussions among agents for the Government regarding the extent or benefits to be offered to CW-2 or his/her family and expressed opinions by government agents regarding the truthfulness of any proffer forwarded by CW-2.

36. The complete chain of custody, including supporting document letter, federal law enforcement official who handled the evidence allegedly obtained by CW-1 or CW-2.

37. Any and all correspondence, reports, memos or other documentation between Government agents and the laboratory performing analysis in connection to these indictments.

38. Inspection of or photographic duplicates of photographs shown to any witnesses.

39. Any chart, summary, diagram, or map created, marked, or reviewed by any witness during the investigation of this case and/or during any grand jury testimony.

40. All information about whether any law-enforcement agent participating in the investigation or trial of this case has been the subject of an investigation for disciplinary action, disciplinary action or criminal investigation, any of which were for conduct involving false statements, perjury, obstruction of justice, receipt of gratuities or violation of rights of a criminal suspect or defendant.

Mr. Rosario reserves the right to file additional requests. In addition, Mr. Rosario requests confirmation that the government has completed production of all the items set forth in L.R. 116.2 B. If the items have not all been produced, please identify the missing items and state whether and when the government will be able to produce them.

Please call me if you have any questions about these requests or wish to discuss them.

                          Very truly yours,

                          Mark D. Smith

MDS/ld
cc: Clerk of Courts