UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v. ) | Criminal No. 04-10051-PBS |
| ) | |
| ) | |
| **JORGE ROSARIO** ) | |

**DEFENDANT JORGE ROSARIO'S OBJECTION AND MOTION
TO STRIKE CERTAIN PARAGRAPHS OF THE PRESENTENCE REPORT**

Defendant Jorge Rosario ("Rosario"), by and through court-appointed counsel, hereby objects to and moves to strike Paragraph 80 of the Addendum and revised Presentence Report ("PSR") dated March 8, 2005. As grounds for his Motion, Rosario states that Paragraph 80, which is located on pages 25-26 of the PSR, contains information that is not relevant to sentencing and is unfairly prejudicial to Rosario.

Paragraph 80 specifically describes a visit by Probation Officer Malissa Aponte to the residence of Elizabeth Beltran, the mother of Mr. Rosario's two children. According to the PSR, the meeting took place on February 23, 2005 at Ms. Beltran's apartment in Lawrence. While Rosario was not present for the meeting, an individual named Richard Andujar ("Andujar") was present during the visit by Officer Aponte and allegedly attempted to harass and intimidate her during the home visit. Paragraph 80 of the report states that "Mr. Andujar openly expressed his anger towards Mr. Rosario and stated that Mr. Rosario has made threats towards him." The report then summarized Andujar's extensive criminal history and potential "gang relations." On March 31, 2005, Rosario's counsel sent a letter to the Probation Department summarizing his objections to Paragraph 80. Relevant portions of the letter are contained in the Second Addendum, dated April 6, 2005.

Andujar's conduct during the home visit as summarized in Paragraph 80 should not be contained in Rosario's PSR. First, there is no confirmation that Mr. Rosario has ever met Andujar, much less made the statements attributed to him. Second, given that Andujar is allegedly involved with Rosario's former girlfriend, he may resent Rosario and be attempting to unfairly characterize Rosario as a violent individual. Therefore, the language in Paragraph 80 is unfairly prejudicial to Rosario, and might influence the determination of the institution in which his sentence is to be served, his prison classification, his ability to obtain furloughs, or his eligibility for programs within the institution.

Accordingly, Rosario requests the court to strike Paragraph 80 in its entirety from the PSR.

Respectfully submitted,

**JORGE ROSARIO**

By his attorneys,

/s/ Mark D. Smith
Mark D. Smith, BBO# 542676
Laredo & Smith, LLP
15 Broad Street, Suite 600
Boston, MA 02109
(617) 367-7984

April 6, 2005