FILED
IN CLERKS OFFICE

2007 DEC 21  P 12: 09

U.S. DISTRICT COURT
DISTRICT OF MASS.

**UNITED STATES DISTRICT COURT**

**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| JORGE ROSARIO, | : | |
| PETITIONER, | : | |
| | : | |
| v. | : | CRIM. NO. 1:04CR10051(PBS) |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| RESPONDENT. | : | |

## PETITIONER'S MOTION FOR MODIFICATION OF
## IMPOSED TERM OF IMPRISONMENT PURSUANT TO
## TITLE 18 U.S.C. 3582(c)(2)

Comes now, the petitioner Jorge Rosario proceeding pro se in the above captioned matter, moves this Honorable Court pursuant to 18 U.S.C. §3582(c)(2) and Amendment 706 to the United States Sentencing Guidelines (USSG) for an Order vacating the petitioner's 71 month term of imprisonment and remand for resentencing.  In support, the petitioner represents the following:

A.                          JURISDICTION

The United States District Court of Boston Massachusetts has subject matter jurisdiction over this proceeding pursuant to Title 18 U.S.C. §3582(c)(2)

B.                        RELEVANT PROCEDURAL BACKGROUND

The petitioner Jorge Rosario (hereinafter "petitioner or Mr.
Rosario) was indicted by a grand jury on Feburary 19, 2004. The
grand jury charged violations of 21 U.S.C. 846, 21 U.S.C. 841(a)
(1) and 18 U.S.C. 2 related to the conspiracy and distribution
of crack cocaine. The petitioner was represented by attorney
Mark D. Smith pursuant to CJA appointment. On October 14, 2004
a three count superseding indictment was returned against Rosario.

Pursuant to a written plea agreement, the petitioner agreed to
plead guilty to the 3 count superseding indictment. On December
16, 2004 Jorge Rosario entered his plea of guilty which the Court
contingently accepted pending production of the PSR. Both the
plea agreement and the subsequent PSR utilized 2D1.1 of the United
States Sentencing Guidelines in determining his Base Offense Level
of 26.*/   On April 7, 2005 after recieving a three point reduction
for Acceptance of Responsibility, the petitioner was sentenced at
Base Offense Level 23/ Criminal History Category III in the high
end of the guideline range to a term of imprisonment of 71 months
and 48 months of Supervised Release. No Direct Appeal was taken.

---

*/ Count 2 alleged 9.5 grams of cocaine base and Count 3 alleged
6.2 grams of cocaine base (total 15.7 grams) resulting in a Base
Offense Level of 26. See 2D1.1(c)(7)(2004)

-2-

C.                                  **ARGUMENT**

**AMENDMENT 706:**

Effective November 1, 2007, amendment 706 to the United States Sentencing Guidelines created significant changes towards the usage of the 100-1 drug quantity ratio. Said amendment calls for, inter alia, modifications to 2D1.1(c)(1) thru 2D1.1(c)(14) of the federal cocaine base sentencing policy and practice. Thus, this amendment modifies the drug quantity thresholds in the Drug Quantity Table so as to assign, for crack cocaine offenses, Base Offense Levels which correspond to guideline ranges that include the statutory mandatory minimum penalties. "Crack cocaine offenses for quantities above and below the mandatory minimum threshold quantities similarly are adjusted downward by two levels." See Amendments to the Guideline Manual-Supplement To Appendix C. For defendants sentenced before November 1, 2007-Amendment 706, and the modifications and changes contained therein, will have a retroactive application which will take effect in March 2008.

The effect of this amendment and its retroactive application to the sentence of Jorge Rosario is quite simple. Petitioner Rosario was sentenced at the high end range of level 23 in Criminal History Category III resulting in a 71 month term of imprisonment. Applying the "two level" downward adjustment, the petitioner's Base Offense Level would now be 21 in the high end guideline range calling for a 57 month term of imprisonment.

**EXPIDATED ADJUDICATION OF THE MOTION:**

Pursuant to the retroactive effect of Amendment 706, Mr. Rosario is arguably entitled to resentencing with 14 months of downward adjustment towards his sentence. He is currently scheduled for release on or about May 13, 2009 and is eligable for Halfway House placement on or about November 13, 2008.

Each week this litigation continues unadjudicated, it will deprive Mr. Rosario of time which could be spent in Halfway House Community Correctional Treatment.   Should this litigation continue unadjucated longer than 90 days, it will implicate adversely the petitioner's release date.   While this petitioner is certainly mindful of the flood of post-conviction litigation which will be presented to the District Courts pursuant to the 2D1.1 Amendment, he sincerely prays that his case could be placed on a "fast track" when the retroactive application takes effect in March 2008.

D.                          **CONCLUSION**

     For the reasons stated herein, the petitioner Jorge Rosario

respectfully requests that this Court vacate the sentence imposed

on April 7, 2005 and remand the matter for resentencing consistant

with any opinion reached herein.

                                   Respectfully submitted,


December  17 , 2007                Jorge Rosario
                                   25115-038
                                   FCI Memphis
                                   PO Box 34550
                                   Memphis, TN
                                        36184-0550


E.                          **CERTIFICATION**

     This is to certify that a true copy of the foregoing instrument

was mailed to John A. Wortmann, Jr. Assistant U.S. Attorney   at

1 Courthouse Way, Suite 9200 Boston, Massachusetts 02210 on this

the  17  day of December, 2007.


                                   Jorge Rosario


-5-