UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                       ) | Criminal No.  04-10051-PBS |
| ) | |
| ) | |
| JORGE ROSARIO            ) | |

## JOINT MEMORANDUM REGARDING DEFENDANT'S ELIGIBILITY FOR SENTENCE MODIFICATION AND JOINT SENTENCING RECOMMENDATION

The United States, by United States Attorney Michael J. Sullivan and Assistant United States Attorney John A. Wortmann, Jr., and defendant Jorge Rosario, by defense counsel Mark Smith, respectfully submit this memorandum to address the defendant's eligibility for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 2B1.10, and to provide a joint sentencing recommendation to the Court.  As more fully explained below, the parties jointly recommend that this Court reduce the defendant's sentence from 71 months to 60 months.  As part of this modification, the parties are requesting that the defendant's Supervised Release Period be increased from four to five years and that the first three months of that supervised release be spent in a halfway house (and that the defendant be required to fully comply with the rules and regulations of that halfway house throughout his residency).

**A.   Eligibility for Sentence Modification**

   **1.   Background**

A grand jury returned a three-count indictment charging the defendant with conspiracy to distribute more than 5 grams of cocaine base, a/k/a "crack cocaine," and two counts of distribution of more than 5 grams of cocaine base, a/k/a "crack cocaine."

The defendant's criminal history also included a conviction for a felony drug offense as that term is used in 21 U.S.C. §802(44).  As a result, the government also filed an Information against the defendant notifying him that he was subject to enhanced penalties under 21 U.S.C. §841(b)(1)(B).  Following the filing of the 851 Information, the defendant faced a maximum term of imprisonment of 80 years and a 10-year mandatory minimum sentence.

The defendant thereafter provided the government with certain detailed data regarding his personal background and the circumstances behind the predicate offense that formed the basis for the 851 Information.  Based on the government's review of that data, the government and the defendant thereafter entered into a plea agreement under which, the government agreed, among other things, to withdraw the 851 Information.  The effect of that withdrawal was to reduce the mandatory minimum sentence in this case from 10 years to 5 years.

The plea agreement executed by the parties was tendered to the Court pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). In it, the parties agreed that the appropriate disposition in the case was the high end of the applicable guideline range or 71 months in prison, whichever was less. The parties also agreed that the defendant should be sentenced to four years of supervised release.

The defendant was sentenced on July 12, 2006. In accordance with the agreements set forth in the plea agreement, the Court determined that the defendant's Total Offense Level was 23, that his Criminal History Category was III, and that his advisory guideline range was 57-71 months. The Court also accepted the disposition set forth in the plea agreement and sentenced the defendant to 71 months in prison and four years of supervised release.

**2. The Governing Law**

Section 3582(c)(2) of Title 18 of the United States Code provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In Section 1B1.10 of the Guidelines, the Sentencing

3

Commission has identified the amendments which may be applied retroactively pursuant to this authority, and articulated the proper procedure for implementing the amendment in a concluded case.[1]

On December 11, 2007, the Commission issued a revised version of § 1B1.10, which emphasizes the limited nature of relief available under 18 U.S.C. § 3582(C). Revised § 1B1.10(a), which becomes effective on March 3, 2008, provides, in relevant part:

> (1) <u>In General</u>.—In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection C below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this

---

[1] Section 1B1.10 is based on 18 U.S.C. § 3582(c)(2), and also implements 28 U.S.C. § 994(u), which provides: "If the Commission reduces the term of imprisonment recommended in the guidelines applicable to a particular offense or category of offenses, it shall specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced."

A guideline amendment may be applied retroactively only when expressly listed in Section 1B1.10C. See, e.g., <u>United States v. Perez</u>, 129 F.3d 255, 259 (2d Cir. 1997); <u>United States v. Thompson</u>, 70 F.3d 279, 281 (3d Cir. 1995); <u>United States v. McHan</u>, 386 F.3d 620, 622 (4th Cir. 2004); <u>United States v. Drath</u>, 89 F.3d 216, 218 (5th Cir. 1996); <u>United States v. Dullen</u>, 15 F.3d 68, 70-71 (6th Cir. 1994); <u>United States v. Wyatt</u>, 115 F.3d 606, 608-09 (8th Cir. 1997); <u>United States v. Cueto</u>, 9 F.3d 1438, 1441 (9th Cir. 1993); <u>United States v. Avila</u>, 997 F.2d 767, 768 (10th Cir. 1993); <u>United States v. Armstrong</u>, 347 F.3d 905, 909 (11th Cir. 2003).

>     policy statement.
>
> (2) <u>Exclusions</u>.—A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if—
>
>   (A) none of the amendments listed in subsection C is applicable to the defendant; or
>
>   (B) an amendment listed in subsection C does not have the effect of lowering the defendant's applicable guideline range.
>
> (3) <u>Limitation</u>.—Consistent with subsection (b), proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.

The amendment in question in this matter is Amendment 706, effective November 1, 2007, which reduced the base offense level for most crack cocaine offenses. On December 11, 2007, the Commission added Amendment 706 to the list of amendments stated in § 1B1.10(C) which may be applied retroactively, effective March 3, 2008.

In Amendment 706, the Commission generally reduced by two levels the offense levels applicable to crack cocaine offenses. The Commission reasoned that, putting aside its stated criticism of the 100:1 ratio mandated by Congress to powder cocaine and crack cocaine offenses in setting statutory mandatory minimum penalties, the Commission could respect those mandatory penalties while still reducing the offense levels for crack offenses. <u>See</u> U.S.S.G., Supplement to App. C, Amend. 706.

Previously, the Commission had set the crack offense levels

5

in § 2D1.1 above the range which included the mandatory minimum sentence.  Under the amendment, the Commission has set the offense levels so that the resulting guideline range includes the mandatory minimum penalty triggered by that amount, and then set corresponding offense levels for quantities which fall below, between, or above quantities which trigger statutory mandatory minimum penalties.  For example, a trafficking offense involving five grams of crack cocaine requires a statutory mandatory minimum sentence of five years imprisonment.  See 21 U.S.C. § 841(b)(1)(B).  Therefore, the revised guideline applies an offense level of 24 to a quantity of cocaine base ("crack") of at least five grams but less than 20 grams; at criminal history category I, this level produces a range of 51-63 months (encompassing the 60-month mandatory minimum).

The final result of the amendment is a reduction of two levels for each of the ranges set in the guidelines for crack offenses.  At the high end, the guideline previously applied offense level 38 to any quantity of crack of 1.5 kilograms or more.  That offense level now applies to a quantity of 4.5 kilograms or more; a quantity of at least 1.5 kilograms but less than 4.5 kilograms falls in offense level 36.  At the low end, the guideline previously assigned level 12 to a quantity of less than 250 milligrams.  That offense level now applies to a quantity of less than 500 milligrams.  Amendment 711 also made

conforming amendments to the drug conversion chart which is employed where the offenses of conviction involved crack as well as other controlled substances.

   **3.   The Defendant's Eligibility for a Sentence Reduction**

The parties have differing positions regarding the defendant's eligibility for a sentence reduction in this case. As set forth below, they have resolved those differences in the specific circumstances of this case and have reached a position that each is recommending the Court adopt.

The defendant alleges that he is eligible for a sentence reduction in this case to 60 months (the applicable mandatory minimum).[2] He asserts that Amendment 706 reduced the GSR applicable in his case, and therefore the Court may consider whether to reduce it. Specifically, the Base Offense Level is now 24 and the Total Offense Level in this case is now 21,

---

[2] The government is of the view that, by the express terms of both that section and U.S.S.G. § 1B1.10, "[t]he grant of authority to the district court to reduce a term of imprisonment is unambiguously discretionary," even when the guideline range is actually reduced. United States v. Vautier, 144 F.3d 756, 760 (11th Cir. 1998). In determining whether and by how much to reduce the defendant's sentence, the government contends that the Court must consider public safety considerations, and may consider information regarding the post-sentencing conduct or situation of the defendant, whether positive or negative. See U.S.S.G. § 1B1.10, Revised application note 1(B)(ii) ("[t]he court shall consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment"); Revised application note 1(B)(iii) ("[t]he court may consider post-sentencing conduct of the defendant that occurred after the imposition of the original term of imprisonment").

pursuant to amended § 2D1.1.  At the established Criminal History Category of III, this results in a GSR of 46-57 months.  This is a reduction from the GSR of 57-71 months previously applied at the defendant's original sentencing but any sentence remains subject to the 60 month mandatory minimum sentence that the parties agree is applicable in this case.

The government disputes the defendant's eligibility for any sentence reduction on two grounds.  The first is that the government made substantial concessions to the defendant at the time of the original plea which had the effect of reducing the applicable mandatory minimum sentence from 10 to 5 years.  In consideration for that concession, the government and the defendant agreed that the defendant's plea would be tendered pursuant to Rule 11(c)(1)(C) and that 71 months would be the appropriate disposition in this case.  Having made that agreement and having gotten the benefit of it in full, there are good grounds for arguing that defendant is simply not entitled to any further reduction.  E.g., United States v. Trujeque, 100 F.3d 869, 871 (10th Cir. 1996) (defendant could not seek reduction in sentence stipulated to in plea agreement via statutory provision permitting modification of sentence that was based on guidelines range subsequently lowered by Sentencing Commission); United States v. Peveler, 359 F.3d 369, 377-79 (6th Cir. 2004) (District court lacked authority to modify sentence over government

objection under plea agreement that in effect specified length of sentence based on subsequent amendment to sentencing guideline held to be retroactive).

The government also notes that the defendant received the disciplinary reports attached as Exhibit A and that they may also affect the defendant's eligibility for any sentence reduction. See discussion at footnote 2, below.

**B.  The Parties' Sentencing Recommendation**

Notwithstanding these differences, the parties have conferred in an effort to resolve their differences about the availability (and amount) of any sentence reduction in this case. They are jointly recommending that the defendants sentence be increased from 71 to 60 months, that the defendant's period of supervised release be increased from 4 to 5 years, and that the first three months of that supervised release be spent in a halfway house (and that the defendant be required to fully comply with the rules and regulations of that halfway house throughout his residency).

The parties believe that the recommended revisions to the defendant's sentence reflect a reasonable compromise of disputed positions that have not been resolved in this Circuit.  Although the government also believes that possession of a weapon should disqualify an inmate from a sentence reduction in many instances, it notes that there are extenuating circumstances in this case

arising from the fact that the defendant had just moved into the cell where the rod was found and that there do not appear to be any other significant disciplinary matters on the defendant's BOP record. The parties are therefore recommending that the defendant's sentence be reduced to 71 months, that his period of supervised release be increased to six years, and that the first three months of that supervised release be spent in a halfway house (and that the defendant be required to fully comply with the rules and regulations of that halfway house throughout his residency). In all other respects, the parties agree that the Judgment of Conviction in this case be left unchanged.

### C. The Effective Date of the New Sentence

The defendant's current release date according to the BOP Inmate Locator is May 24, 2009. If this Court were to reduce the defendant's sentence as recommended his earliest potential release date would be June, 2008. The parties have divergent views as to the Court's authority to reduce the defendant's sentence prior to March 3, 2008. In light of the July, 2008 potential release date, waiting until March 3, 2008 would have no adverse impact upon the defendant in this case.

### D. There is No Need for a Sentence Modification Hearing

In view of the parties' agreement regarding the defendant's eligibility for a sentence reduction, as well as their agreement

10

regarding the appropriate sentence to be imposed, the parties further agree that the Court can and should modify the defendant's sentence without the necessity of a sentence modification hearing (or the defendant's presence thereat) and that it should do so by issuing an order and amended judgment.

        Respectfully submitted,

        MICHAEL J. SULLIVAN
        UNITED STATES ATTORNEY

By:   /s/ John A. Wortmann, Jr.
      JOHN A. WORTMANN, JR.
      Assistant U.S. Attorneys
      One Courthouse Way
      Boston, MA
      (617) 748-3207


      /s/ Mark D. Smith
      MARK D. SMITH
      Laredo & Smith, LLP
      15 Broad St.
      Suite 600
      Boston, MA 02109
      617-367-7984