

**U.S. Department of Justice**

*United States Attorney*
*District of Massachusetts*

---

*1 Courthouse Way, Suite 9200*
*Boston, Massachusetts 02210*

November 19, 2004

Mark Smith
Smith & Laredo
15 Broad St. #600
Boston, MA 02109

        Re:  <u>United States v. Jorge Rosario</u>
             Criminal No. 04-10051-PBS

Dear Mr. Smith:

    This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Jorge Rosario, a/k/a "King Infamous" ("Defendant"), in the above-captioned case. The Agreement is as follows:

    1.    <u>Change of Plea</u>

    At the earliest practicable date but in no event later than January 5, 2005, Defendant shall plead guilty to the following counts of the above-captioned Superseding Indictment: Count 1 (conspiracy to distribute more than 5 grams of cocaine base, a/k/a "crack cocaine"), Count 2 (distribution of more than 5 grams of crack cocaine), and Count 3 (distribution of more than 5 grams of crack cocaine). Defendant expressly and unequivocally admits that he in fact knowingly, intentionally, and willfully committed the crimes charged in Counts 1-3 of the Superseding Indictment, and is in fact guilty of those offenses.

    Prior to sentencing in this matter, the government agrees to withdraw the Information previously filed pursuant to 21 U.S.C. § 851.

    2.    <u>Penalties</u>

    Based on the government's agreement to dismiss the Information filed pursuant to 21 U.S.C. §851, Defendant faces the following minimum mandatory and maximum

penalties on each of Counts 1-3 of the Superseding Indictment: a maximum term of imprisonment of 40 years with a five-year mandatory minimum sentence, a fine of up to $2,000,000, at least a 4-year term of supervised release and a maximum of life, and a $100 Special Assessment.

In the event that the Information were not dismissed, Defendant would face the following minimum mandatory and maximum penalties on each of counts 1-3 of the Superseding Indictment: a maximum term of imprisonment of life with a ten-year mandatory minimum sentence, a fine of up to $4,000,000, at least a 8-year term of supervised release and a maximum of life, and a $100 Special Assessment.

3. <u>Sentencing Guidelines</u>

The parties agree to jointly take the following positions at sentencing with regard to offense conduct, adjustments, and criminal history under the United States Sentencing Guidelines:

(a) The parties stipulate and agree to take the position that the amount of cocaine base, a/k/a "crack cocaine" attributable to the defendant is at least 5 but less than 20 grams.

(b) The parties stipulate and agree that Defendant's offense level should be reduced three levels for acceptance of responsibility pursuant to U.S.S.G. §3E.1.(b).

(c) The parties agree that the defendant has 5 criminal history points and is in criminal history III.

(f) Defendant waives any claim he has under <u>Apprendi v. New Jersey</u>, <u>Blakely v. Washington</u>, under the Fifth or Sixth Amendment to the United States Constitution and on any other basis (whether statutory, constitutional, or otherwise) to have the facts underlying any guideline determination made by a jury beyond a reasonable doubt and waives any right to a Superseding Indictment in which the government alleges each adjustment or enhancement that it claims applies in this case including, without limitation, drug weight and criminal history. Defendant understands and agrees after consultation with his attorney that the Court will make these and all other sentencing determinations at sentencing by a preponderance of the evidence and acknowledges that his counsel has explained the difference in the standards of proof that could apply in this case. Defendant states that he is making this waiver knowingly and intelligently and

with the understanding that it will not be affected by any subsequent change in the applicable legal principles.

The U.S. Attorney's agreement that the disposition set forth below is appropriate in this case is based, in part, on Defendant's acceptance of personal responsibility for the offenses of conviction in this case.

The U.S. Attorney specifically may, at his sole option, be released from his commitments under this Agreement, including, but not limited to, his agreement that Paragraph 4 constitutes the appropriate disposition of this case, if, at any time between his execution of this Agreement and sentencing Defendant:

(i) Fails to admit a complete factual basis for the plea;

(ii) Fails to truthfully admit his conduct in the offenses of conviction;

(iii) Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

(iv) Fails to provide truthful information about his financial status;

(v) Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

(vi) Engages in acts which form a basis for finding that Defendant has obstructed or impeded the administration of justice under U.S.S.G. § 3C1.1;

(vii) Intentionally fails to appear in Court or violates any condition of release;

(viii) Commits a crime;

(ix) Transfers any asset protected under any provision of this Agreement; and/or

(x) Attempts to withdraw his guilty plea.

Defendant expressly understands that he may not withdraw his

plea of guilty unless the Court rejects this Agreement under Fed. R. Crim. P. 11(c)(5).

   4.   Agreed Disposition

   The U.S. Attorney and Defendant agree pursuant to Fed. R. Crim. P. 11(c)(1)(C) that the following is the appropriate disposition of this case:

   (a)   incarceration at the high end of the applicable guideline range or 71 months, whichever is less;

   (b)   mandatory special assessment of $300;

   (c)   a term of supervised release of 4 years; and,

   (d)   no fine based on the defendant's inability to pay.

   In the event of an appeal from, or collateral challenge to, Defendant's sentence, the U.S. Attorney reserves his right to argue the correctness of Defendant's sentence and the manner in which the District Court determines it. Both parties agree that there are no grounds for departure from the sentencing range established by the U.S. Sentencing Guidelines in this case.

   5.   Payment of Mandatory Special Assessment

   Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Defendant establishes to the satisfaction of the Court that Defendant is financially unable to do so.

   6.   Waiver of Rights to Appeal and to Bring Collateral
              Challenge

   Defendant is aware that he has the right to challenge his sentence and guilty plea on direct appeal. Defendant is also aware that he may, in some circumstances, be able to argue that his plea should be set aside, or his sentence set aside or reduced, in a collateral challenge such as pursuant to a motion under 28 U.S.C. § 2255.

   In consideration of the concessions made by the U.S. Attorney in this Agreement, Defendant knowingly and voluntarily waives his right to appeal or collaterally challenge:

   (1)   Defendant's guilty plea and any other aspect of Defendant's conviction, including, but not limited

           to, any rulings on pretrial suppression motions or any other pretrial dispositions of motions and issues; and

    (2)    The imposition by the District Court of the sentence agreed to by the parties, as set out in paragraph 4 and, even if the Court rejects one or more positions advocated by the parties with regard to the application of the U.S. Sentencing Guidelines.

In consideration of the concessions made by the U.S. Attorney in this Agreement, Defendant agrees not to seek to be sentenced or resentenced with the benefit of any successful collateral challenge of any counseled criminal conviction that exists as of the date of this Agreement.

Except as provided in par. 3(f), defendant's waiver of rights to appeal and to bring collateral challenges shall not apply to appeals or challenges based on new legal principles in First Circuit or Supreme Court cases decided after the date of this Agreement which are held by the First Circuit or Supreme Court to have retroactive effect.

This Agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b), and the U.S. Attorney therefore retains his appeal rights.

    7.    <u>Probation Department Not Bound By Agreement</u>

The sentencing disposition agreed upon by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the United States Probation Office. Defendant's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(C). Defendant cannot withdraw his plea of guilty unless the sentencing judge rejects this Agreement. If the sentencing judge rejects this Agreement and fails to sentence Defendant as outlined in Paragraph 4, this Agreement shall be null and void at the option of either the United States or Defendant. In this regard, Defendant hereby waives any defense to any charges which he might otherwise have under any statute of limitations or the Speedy Trial Act.

    8.    <u>Civil Liability</u>

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, which Defendant may have incurred or may incur as

a result of his conduct and his plea of guilty to the charges specified in paragraph one of this Agreement.

    9.    <u>Withdrawal of Plea by Defendant</u>

Should Defendant move to withdraw his guilty plea at any time, this Agreement shall be null and void at the option of the U.S. Attorney.

    10.    <u>Breach of Agreement</u>

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Agreement, has violated any condition of his pretrial release, or has committed any crime following his execution of this Agreement, the U.S. Attorney may, at his sole option, be released from his commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing.  The U.S. Attorney may also pursue all remedies available to him under the law, irrespective of whether he elects to be released from his commitments under this Agreement.  Further, the U.S. Attorney may pursue any and all charges which have been, or are to be, dismissed pursuant to this Agreement.  Defendant recognizes that no such breach by him of an obligation under this Agreement shall give rise to grounds for withdrawal of his guilty plea.  Defendant understands that, should he breach any provision of this agreement, the U.S. Attorney will have the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements which may be made by him, and any information, materials, documents or objects which may be provided by him to the government subsequent to this Agreement, or pursuant to the proffer agreement without any limitation.  In this regard, Defendant hereby waives any defense to any charges which he might otherwise have under any statute of limitations or the Speedy Trial Act.

    11.    <u>Who Is Bound By Agreement</u>

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

    12.    <u>Complete Agreement</u>

This letter contains the complete agreement between the parties relating to the disposition of this case.  No promises, representations or agreements have been made other than those set

forth in this letter and in the proffer letter.  This Agreement supersedes prior understandings, if any, of the parties, whether written or oral with the sole exception of those contained in the proffer letter.  This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the Agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Agreement below.  Please also sign below as Witness.  Return the original of this letter to Assistant U.S. Attorney John A. Wortmann, Jr.

                              Very truly yours,

                              MICHAEL J. SULLIVAN
                              United States Attorney

By:_____
    JAMES B. FARMER
    Assistant U.S. Attorney
    Chief,
    Criminal Division

    STEPHEN P. HEYMANN
    Assistant U.S. Attorney
    Deputy Chief,
    Criminal Division

    JOHN A. WORTMANN, JR.
    Assistant U.S. Attorney

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it with my attorney.  I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts.  I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them.  I am satisfied with the legal representation provided to me by my attorney.  We have had sufficient time to meet and discuss my case.  We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial.  I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.

_____
JORGE ROSARIO
Defendant

Date:_____

I certify that JORGE ROSARIO has read this Agreement and that we have discussed its meaning.  I believe he understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly.

_____
MARK SMITH, Esq.
Attorney for Defendant

Date:_____